## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

REGINALD R. MCCUTCHEN, JR.

        Plaintiff,

v.

DEKALB COUNTY SCHOOL
DISTRICT

        Defendant.

Civil Action File No.
1:19-CV-4956
(JURY TRIAL DEMANDED)

## FOURTH AMENDED COMPLAINT
## FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Reginald R. McCutchen, Jr. ("Plaintiff") and files his Fourth Amended Complaint against DeKalb County School District ("Defendant'), showing the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff asserts claims under The Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et seq*., Pub. L. No. 110-325, 122 Stat. 3553 ("ADAAA"), The Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq*. ("FMLA"), and other applicable federal statutes, regulations, and rules. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and §1337.

2.

Venue is appropriate in this judicial district under 28 U.S.C. § 1391.

3.

Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 3, 2019, a true and accurate copy of which is attached as <u>Exhibit A</u> and incorporated by reference.

4.

The EEOC issued a Notice of Right to Sue dated July 31, 2019, a true and accurate copy of which is attached as <u>Exhibit B</u>. This lawsuit was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

5.

Plaintiff properly and timely exhausted all applicable administrative remedies and conditions precedent for seeking judicial relief.

## **PARTIES**

6.

Plaintiff is an individual who resides in Georgia.

7.

Plaintiff was formerly employed by Defendant at a school located within this judicial district. The causes of action pled herein arise in connection with Defendant's former employment of Plaintiff and its alleged employment practices within this judicial district.

8.

Defendant is a local governmental entity headquartered and operating within DeKalb County, Georgia and is subject to the jurisdiction of this Court.

9.

All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

10.

Defendant constitutes a person engaged in commerce or in an industry or activity affecting commerce who, at all relevant times, employed 50 or more employees within 75 miles. Defendant is covered by the FMLA. At all times relevant, Plaintiff was an eligible employee under the FMLA.

11.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce. Defendant is covered by the ADAAA.

## **FACTUAL BACKGROUND**

12.

Plaintiff's employment by Defendant began on or about June 20, 2018.

13.

Defendant employed Plaintiff with the job title of math teacher and head track coach at Tucker High School.

14.

Defendant paid Plaintiff a salary of approximately $65,000 annually together with certain fringe benefits.

15.

Defendant determined before hiring Plaintiff that he was fully qualified for the position of math teacher and track coach.

16.

At all times relevant, Plaintiff was fully qualified for his job with Defendant.

17.

During the time Plaintiff worked for Defendant, Defendant utilized an employee handbook that applied to Plaintiff (the "Handbook").

18.

As a math teacher, Plaintiff performed his essential job functions in a satisfactory manner.

19.

In January 2019, Plaintiff met with representatives of Defendant and notified Defendant of two medical disabilities for which he was seeking an accommodation.

20.

As a result of his condition of health, Plaintiff suffered impairments for which he requested reasonable accommodations.

21.

Plaintiff received treatment from health care providers related to his symptoms and impairments.

22.

On or about January 25, 2019, Plaintiff was placed on a Professional Learning Plan ("PLP") related to the performance of his job duties.

23.

Defendant refused to provide the reasonable accommodations requested by Plaintiff.

24.

Thereafter, Plaintiff repeatedly received negative evaluations for tasks which were the subject of his accommodation request.

25.

In June 2019, Plaintiff was removed from his position of head track coach with Defendant.

26.

Defendant acknowledged that the reasons for Plaintiff's removal from his position as head track coach was due to his disabilities.

27.

Plaintiff was subsequently denied opportunities for advancement in his employment due to his impairment and request for reasonable accommodations.

28.

In May 2019, Defendant extended the PLP for the 2019-2020 school year.

29.

Plaintiff requested FMLA leave on August 6, 2019.

30.

Defendant granted FMLA leave to Plaintiff, which authorized medical leave for him during a period through August 25, 2019 due to his impairments.

31.

On August 26, 2019, Plaintiff returned to work and informed Defendant that he would need intermittent leave for continued treatment of his medical condition.

32.

Upon Plaintiff's return from FMLA leave, Defendant violated his rights by 1) failing to issue a teaching schedule or reinstatement back into his original teaching positions; 2) reassigning Plaintiff's classroom to another math teacher; (3) refusing to provide a common planning period with the other content specific teachers, and (4) denying Plaintiff an opportunity to  participate in PLC's with his content team.

33.

When communicating with Defendant concerning his conditions and impairments, Plaintiff believed in good faith that he was entitled to reasonable

6

accommodation and that Defendant's refusal to accommodate him was an improper employment practice in violation of his rights.

34.

At all relevant times, Defendant knew that Plaintiff had a "disability" as that term is defined under the ADAAA and applicable federal regulations.

35.

Defendant could have accommodated Plaintiff's and his physicians' requests for temporary leave or other reasonable accommodation without undue hardship to its business.

36.

Defendant undertook no steps to evaluate and explore with Plaintiff whether it could grant him and his physicians' requests for accommodation without undue hardship to its business.

37.

Thereafter, Defendant unilaterally terminated Plaintiff's employment relationship with Defendant.

38.

Plaintiff's conditions and impairments alleged above were not both transitory and minor.

39.

Prior to terminating Plaintiff's employment, Defendant did not afford Plaintiff

an opportunity to correct any deficiency in his job performance upon which it purportedly based its decision to terminate his employment and otherwise failed to follow its own Handbook, policy and procedure.

40.

Prior to terminating Plaintiff's employment, Defendant did not follow, and by terminating Plaintiff precluded him from following, the grievance procedure in its Handbook.

41.

Under the Handbook, Defendant could have imposed a less severe form of discipline than termination of Plaintiff's employment.

42.

Upon information and belief, Defendant historically has imposed less severe form of discipline than termination for employees who did not possess a disability under the ADAAA and/or who had not sought FMLA leave.

43.

Pursuant to the Handbook and/or Defendant's policy and customary employment practice, Defendant has used less severe forms of discipline than job termination (such as suspension, probationary action, and demotion) to discipline employees who did not possess a disability under the ADAAA and/or who had not sought FMLA leave for alleged unsatisfactory job performance.

44.

By not giving Plaintiff some form of discipline less severe than job termination

(such as suspension, probationary action or demotion), Defendant treated Plaintiff differently and less favorably than it has treated employees who did not possess a disability under the ADAAA and/or who had not sought FMLA leave.

45.

Defendant's actual motivation in terminating Plaintiff's employment was not Plaintiff's job performance.

46.

Defendant's actual motivation in terminating Plaintiff's employment was not a legitimate, non-discriminatory, and non-retaliatory motivation.

47.

Upon information and belief, after Defendant terminated Plaintiff's employment, Defendant employed one or more individuals to perform Plaintiff's former job duties who did not have a disability and/or had not sought medical leave.

48.

At the time of the adverse employment actions taken by Defendant against Plaintiff, Defendant knew that Plaintiff suffered from the impairments and conditions described above. At all relevant times, Plaintiff's supervisors identified above acted within the scope of their employment and on behalf of Defendant.

## **COUNT I: ADAAA**
## **(Disability Discrimination)**

49.

Plaintiff incorporates herein by reference as if restated verbatim each

paragraph of his Complaint.

50.

At all relevant times, Plaintiff was qualified for his job.

51.

At all times relevant, Plaintiff was a qualified individual with a disability, or a record of a disability, within the meaning of the ADAAA and applicable regulations.

52.

At all times relevant, Defendant had notice and knew of Plaintiff's disability.

53.

At all times relevant, Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

54.

Defendant failed to satisfy its duty under the ADAAA to engage in an interactive process to determine whether and how it might reasonably accommodate Plaintiff's disability.

55.

Defendant could have reasonably accommodated Plaintiff's disability without undue hardship.

56.

Plaintiff was unlawfully subjected to discrimination because of an actual disability or a record of a disability.

57.

At all relevant times, Defendant regarded Plaintiff as having an impairment that was not transitory and minor and took action prohibited under the ADAAA by terminating Plaintiff's employment on that basis.

58.

Plaintiff was replaced or treated less favorably than other employees of Defendant who were not disabled or impaired.

59.

Plaintiff was subjected to adverse employment actions, including a disciplinary write up and termination of employment, on account of his disability or Defendant's perceptions of impairments, or both.

60.

Defendant intentionally engaged in said discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

61.

As a direct result of Defendant's discrimination in violation of the ADAAA retaliation, Plaintiff suffered and continues to suffer harm, including but not limited to a loss of income, benefits, prestige and promotional opportunities, as well as mental and emotional distress and other actual and compensatory damages, for which he is entitled to recover from Defendant in an amount to be determined by the

enlightened conscience of the jury.

62.

Defendant's actions were willful, intentional, malicious, and conducted in bad faith with callous and/or reckless indifference to Plaintiff's federally-protected rights, thereby entitling Plaintiff to an award of punitive damages.

63.

Plaintiff is entitled to an award of costs, including reasonable attorneys' fees, as a result of Defendant's discrimination in violation of the ADAAA.

64.

Plaintiff is entitled, in the Court's discretion, to injunctive and other equitable relief to remedy and enjoin Defendant's violations of the ADAAA.

**COUNT II: ADAAA**
**(Retaliation)**

65.

Plaintiff incorporates herein by reference as if restated verbatim each paragraph of his Complaint.

66.

By reporting, complaining of and opposing the discriminatory practices and treatment described above to Defendant, Plaintiff engaged in statutorily protected activity under the ADAAA.

67.

Defendant retaliated against Plaintiff by taking adverse employment actions,

12

including a disciplinary write up and termination of employment, against her in reprisal for statutorily protected activity.

68.

Defendant's adverse employment action and Plaintiff's statutorily protected activity were in close temporal proximity, were not wholly unrelated, and were causally linked.

69.

As a direct result of Defendant's retaliation in violation of the ADAAA, Plaintiff suffered and continues to suffer harm, including but not limited to a loss of income, benefits, prestige and promotional opportunities, as well as mental and emotional distress and other actual and compensatory damages, for which he is entitled to recover from Defendant in an amount to be determined by the enlightened conscience of the jury.

70.

Defendant's actions were willful, intentional, malicious, and conducted in bad faith with callous and/or reckless indifference to Plaintiff's federally-protected rights, thereby entitling Plaintiff to an award of punitive damages.

71.

Plaintiff is entitled to an award of costs, including reasonable attorneys' fees, as a result of Defendant's retaliation in violation of the ADAAA.

72.

Plaintiff is entitled, in the Court's discretion, to injunctive and other equitable

relief to remedy and enjoin Defendant 's violations of the ADAAA.

## COUNT III: FMLA
## (Violation of the FMLA/
## Interference with FMLA rights)

73.

Plaintiff incorporates herein all of the above paragraphs of his Complaint.

74.

Plaintiff is an eligible employee under the FMLA.

75.

At all relevant times, Plaintiff's above described conditions and impairments involved a period of incapacity combined with continuing treatment by a health care provider, were chronic, and/or required multiple treatments by a health care provider. Plaintiff had a "serious health condition" within the meaning of the FMLA and applicable federal regulations.

76.

Plaintiff gave appropriate notice of his need to be absent from work in that, because he could not foresee the need for leave, he notified Defendant as soon as practicable after he learned of the need for leave.

77.

Plaintiff was entitled to take leave under the FMLA.

78.

Plaintiff gave notice to Defendant of his need and intention to take leave.

79.

Defendant failed to provide Plaintiff with written notice detailing the specific expectations and obligations of Plaintiff and explaining consequences of a failure to meet those obligations.

80.

Plaintiff was terminated shortly after returning from leave.

81.

Plaintiff's taking leave played at least a motivating part in Defendant's decision to take adverse employment actions against Plaintiff.

82.

Defendant interfered with, restrained and/or denied the exercise or attempt to exercise by Plaintiff of rights under the FMLA, in violation of the FMLA.

83.

As a result of Defendant's violation of the FMLA, Plaintiff is entitled to recover, actual damages as allowed by the FMLA, liquidated damages, and his costs in prosecuting this action, including reasonable attorneys' fees.

84.

Plaintiff is entitled in the Court's discretion to injunctive and other equitable relief available under the FMLA, or other applicable law, to remedy and enjoin Defendant's violations of the FMLA.

**COUNT IV: FMLA**
**(Discrimination/Retaliation for**
**The Exercise of FMLA Rights)**

85.

Plaintiff incorporates herein all of the above paragraphs of his Complaint.

86.

Plaintiff engaged in statutorily protected activity under the FMLA.

87.

Plaintiff suffered adverse employment actions.

88.

Plaintiff's taking leave played at least a motivating part in Defendant's decision to take adverse employment actions against Plaintiff, including a disciplinary write up and termination of employment.

89.

Plaintiff was treated less favorably than an at least one employee who had not requested leave.

90.

A causal connection exists between the adverse employment actions above and Plaintiff's exercise of his FMLA rights

91.

Defendant retaliated against Plaintiff as a result of Plaintiff's exercise or attempted exercise of rights under the FMLA and violated the FMLA.

92.

As a result of Defendant's violation of the FMLA, Plaintiff is entitled to recover, actual damages as allowed by the FMLA, liquidated damages, and his costs in prosecuting this action, including reasonable attorneys' fees.

93.

Plaintiff is entitled in the Court's discretion to injunctive and other equitable relief available under the FMLA, or other applicable law, to remedy and enjoin Defendant's violations of the FMLA.

WHEREFORE, Plaintiff prays:

(a)  That the Court declare the Defendant's actions, policies, and practices alleged herein violated Plaintiff's federally-protected rights;

(b)  That Defendant be ordered to reinstate Plaintiff to his former position of employment or an equivalent position, with restoration of his seniority and benefits as if Defendant had never discriminated or retaliated against him;

(c)  for an award of all actual, compensatory, and special damages against Defendant, with prejudgment interest thereon, based on the evidence adduced at trial and as allowed by law for each of the causes of action set forth herein, including:

(1)  special damages for economic injuries as a consequence of Defendant's violations of Plaintiff=s federally-protected rights;

(2)   compensatory damages for Plaintiff's pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of Defendant's violations of his federally-protected rights;

(3)   all employee benefits of any type, or the equivalent value thereof, which the Plaintiff should have already received and is presently entitled to receive and/or would receive in the future, but for Defendant's wrongful conduct as alleged herein;

(4)   back pay and retroactive increases in compensation, plus pre- and post-judgment interest thereon; and

(5)    front pay until Plaintiff is reinstated to his position or assigned to an equivalent or other appropriate position; and

(6)   liquidated damages under the FMLA.

(d)   punitive damages as determined by the enlightened conscious of the jury;

(e)   an assessment of costs of this action, including reasonable attorneys' fees;

(f)   a trial by jury of all issues so triable; and

(g)   all such other and further monetary and/or injunctive relief as allowed by law and/or deemed just and proper by the Court and/or the jury in this case based upon the causes of action set forth above and/or proven

at trial.

Respectfully submitted this 26th day of October, 2020.

**THE LAW OFFICES OF
CURTIS J. MARTIN II**
By: /s/ Curtis J. Martin II
    Ga. Bar No. 427427

1800 Peachtree Street, N.W.
Suite 809
Atlanta, Georgia 30309
Phone: (404) 948-4404 Phone
Email: cjm@curtisjmartinlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Local Rule 7.1D, I certify that the foregoing **Fourth Amended Complaint for Injunctive Relief and Damages** was prepared using Times New Roman 14 point font, a font and point selection approved by the Court in Local Rule 5.1B.

By: /s/ Curtis J. Martin II

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile. Parties may access this filing through the Court's electronic filing system.

/s/ Curtis J. Martin II

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 410-2019-06548 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Reginald Mccutchen | (678) 704-6757 | 1984 |

Street Address | City, State and ZIP Code

6215 Wurtenburg Ct, Stone Mountain, GA 30087

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| DEKALB COUNTY SCHOOL DISTRICT | 201 - 500 | (678) 676-1200 |

Street Address | City, State and ZIP Code

5036 LaVista Rd, Tucker, GA 30084

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER (Specify) | Earliest: 01-25-2019   Latest: 06-26-2019   ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the above named employer in June of 2018, as a Teacher and Head Track Coach. On January 25, 2019, I was placed on a Professional Development Plan and I informed my Principal Dr. Eric Parker and Assistant Principal Britney Aarastead of my disabilities during the conference and requested an accommodation. On February 26, 2019, I received a notice to delay teaching contract. On March 5, 2019, I received a letter of direction. On or about March 12, 2019, I contacted Legal Affairs regarding my request for an accommodation. On March 14, 2019, I received poor performance marks. On March 15, 2019, I was required to pay for track meet expenses out of pocket and wait for reimbursement. On May 22, 2019, I was placed on an extended Professional Development Plan. On June 26, 2019, I was removed as the Head Coach.

No reason was given for why I have not received the accommodations requested. Principal Parker informed me I was placed on an extended Professional Development Plan for timeliness issues of not submitting reports on time, communication issues of canceling a track competition without giving the administration prior notice, and missing class but chowing up for track practice. I was told I was removed from the Head Coach position for poor performance.

I believe I have been discriminated against because of my disability, and in retaliation for requesting accommodations, in

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Reginald Mccutchen on 07-03-2019 11:35 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 410-2019-06548 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Reginald Mccutchen on 07-03-2019 11:35 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

EOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Reginald McCutchen, Jr.
6215 Wurtenburg Ct
Stone Mountain, GA 30087

From: Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 410-2019-06548 | Irene E. Carter-Kent, Investigator | (404) 562-6853 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
| --- | --- |
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Darrell E. Graham,
District Director

JUL 3 / 2019
(Date Mailed)

cc: Linda Woodard
Human Resources Director
Dekalb County Schools
1701 Mountain Industrial Blvd
Stone Mountain, GA 30083