IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Reginald R. McCutchen, Jr.,

        Plaintiff,

v.

        Case No. 1:19-cv-4956-MLB

DeKalb County School District,

        Defendant.

_____/

## OPINION & ORDER

Plaintiff Reginald R. McCutchen, Jr., sued his former employer, Defendant DeKalb County School District, for violating the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). (Dkt. 56.) Defendant moves for partial dismissal. (Dkt. 59.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending Defendant's motion be granted in part and denied in part. (Dkt. 70.)

**I.    Background**

On or about June 20, 2018, Plaintiff began working for Defendant as a math teacher and head track coach at Tucker High School. (Dkt. 56

¶¶ 12–13.) In January 2019, Plaintiff requested an accommodation for two medical disabilities. (*Id.* ¶ 19.) Defendant refused to provide the requested accommodations and instead placed Plaintiff on a Professional Learning Plan ("PLP") related to the performance of his job duties. (*Id.* ¶¶ 22–23.) "Thereafter, Plaintiff repeatedly received negative evaluations for tasks which were the subject of his accommodation request." (*Id.* ¶ 24.) In May 2019, Defendant extended the PLP for the 2019–2020 school year. (*Id.* ¶ 28.) The next month, Defendant removed Plaintiff from his position as head track coach for reasons related to his disabilities. (*Id.* ¶¶ 25–26.)

On July 3, 2019, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 3.) In that charge, Plaintiff said the discrimination took place between January 25, 2019 and June 26, 2019, and he checked the boxes indicating that the discrimination was based on retaliation and disability. (*Id.* at 23.) In the particulars of the charge, Plaintiff stated:

> I began working for the above named employer in June of 2018, as a Teacher and Head Track Coach. On January 25, 2019, I was placed on a Professional Development Plan and I informed my Principal Dr. Eric Parker and Assistant Principal Britney Aarastead of my disabilities during the conference and requested an accommodation. On February

2

> 26, 2019, I received a notice to delay teaching contract. On March 5, 2019, I received a letter of direction. On or about March 12, 2019, I contacted Legal Affairs regarding my request for an accommodation. On March 14, 2019, I received poor performance marks. On March 15, 2019, I was required to pay for track meet expenses out of pocket and wait for reimbursement. On May 22, 2019, I was placed on an extended Professional Development Plan. On June 26, 2019, I was removed as the Head Coach.
>
> No reason was given for why I have not received the accommodation requested. Principal Parker informed me I was placed on an extended Professional Development Plan for timeliness issues of not submitting reports on time, communication issues of canceling a track competition without giving the administration prior notice, and missing class but [s]howing up for track practice. I was told I was removed from the Head Coach position for poor performance.
>
> I believe I have been discrimination against because of my disabilities, and in retaliation for requesting accommodations, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

(*Id.*) The EEOC issued a notice of right to sue on July 31, 2019. (*Id.* at 26.)

On August 6, 2019, Plaintiff requested FMLA leave, which Defendant granted through August 25, 2019. (*Id.* ¶¶ 29–30.) "On August 26, 2019, Plaintiff returned to work and informed Defendant that he would need intermittent leave for continued treatment of his medical condition." (*Id.* ¶ 31.) Defendant refused to accommodate him. (*Id.* ¶ 33.)

3

Plaintiff also alleges Defendant (1) failed to issue a teaching schedule or reinstate him to his original teaching positions, (2) reassigned his classroom to another math teacher, (3) refused to provide him a common planning period with the other content specific teachers, and (4) denied him an opportunity to participate in "PLC's" with his content team. (*Id.* ¶ 32.) Defendant later terminated Plaintiff's employment. (*Id.* ¶ 37.)

The complaint contains four counts: (I) disability discrimination, (II) retaliation for "reporting, complaining of[,] and opposing" the disability discrimination, (III) violation of and interference with his FMLA rights, and (IV) discrimination and retaliation for having exercised his FMLA rights. (*Id.* at 9–17.) Defendant moves to dismiss the claims related to Plaintiff's termination for failure to exhaust. (Dkt. 59-1 at 6.)

## II. Discussion

In Counts I and II, Plaintiff alleges Defendant wrongfully terminated him in violation of the ADA. (Dkt. 56 ¶¶ 49–72.) Defendant points out that Plaintiff filed his EEOC charge on July 3, 2019—before his termination—and argues that the wrongful termination claims should be dismissed because Plaintiff did not exhaust his administrative

4

remedies for those claims. (Dkt. 59-1 at 6–8.) The Magistrate Judge recommended that the discriminatory termination claim—but *not* the retaliatory termination claim—be dismissed for want of exhaustion. (Dkt. 70 at 13.) When, as here, a party files no objections to a magistrate judge's recommendation, a court reviews the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). After doing so, the Court finds no error in the Magistrate Judge's recommendation.

An employee must exhaust administrative remedies before filing a complaint of discrimination under the ADA. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). To do so, an employee files a timely charge of discrimination with the EEOC. *Id.* at 1340. If the EEOC determines "there is not reasonable cause to believe that the charge is true," it dismisses the charge and notifies the employee. *Id.* When the employee receives notice of the dismissal, he has 90 days to file a civil action against the employer. *Id.*

A complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). Although a

plaintiff may bring claims that "amplify, clarify, or more clearly focus" allegations in the EEOC charge, a plaintiff cannot bring allegations of new acts of discrimination in his complaint. *Giles v. BellSouth Telecomms., Inc.*, 542 F. App'x 756, 759 (11th Cir. 2013) (per curiam). Courts in this Circuit, however, liberally construe EEOC charges and avoid allowing procedural technicalities to bar claims. *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013) (per curiam).

In response to Defendant's motion, Plaintiff argues "the allegations related to ADA discrimination and retaliation began as early as January 25, 2019 [and] then continued through the time of Plaintiff's termination," the facts and circumstances that led to his ADA allegations are "sufficiently intertwined" with the July 3, 2019 charge, and the allegations "serve to amplify, clarify, and more clearly focus" his claims against Defendant. (Dkt. 61 at 5–7.) The Magistrate Judge found Plaintiff's claim for discriminatory termination under the ADA should be dismissed for want of exhaustion because (1) termination of employment is considered a discrete act of discrimination (not part of a continuing violation) so (2) "the allegations of discriminatory conduct predating Plaintiff's termination cannot anchor his claim of discriminatory

6

termination." (Dkt. 70 at 11.) The Court finds no plain error in this recommendation. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1179 (11th Cir. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)); *accord Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 920 (8th Cir. 2018) ("[T]ermination is a discrete act, not a continuing violation." (citation omitted)).

The Magistrate Judge found Plaintiff's claim for retaliatory termination under the ADA should *not* be dismissed for want of exhaustion because "new retaliation claims occurring after the filing of an EEOC charge are considered to grow out of the original discrimination itself and any protected activity taken in response to it." (Dkt. 70 at 13 (quoting *Jones v. Nippon Cargo Airlines Co.*, No. 1:17-cv-1589, 2018 WL 1077355, at *9 (N.D. Ga. Jan. 12, 2018) (emphasis omitted), *adopted by Jones v. DAL Glob. Servs., LLC*, No. 1:17-cv-1589, 2018 WL 1071166 (N.D. Ga. Feb. 27, 2018)).) The Court finds no plain error in this recommendation. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) ("It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge

of discrimination. . . . [A] claim of retaliation could reasonably be expected to grow out of the original charge of discrimination . . . ." (internal quotation marks omitted)).

### III. Conclusion

The Court **ADOPTS** the Magistrate Judge's R&R (Dkt. 70), **GRANTS IN PART** and **DENIES IN PART** Defendant's motion (Dkt. 59), and **DISMISSES** Plaintiff's claim for discriminatory termination for want of exhaustion.

**SO ORDERED** this 29th day of June, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE